09-1610-ag
Zou-Ye v. Holder

BIA
LaForest, IJ
A098 889 401

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:
    REENA RAGGI,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

CHANG TAN ZOU-YE,
        *Petitioner*,

    v.                                    09-1610-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:    Charles Christophe, New York, New
                   York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Francis W. Fraser, Senior Litigation Counsel; Steven F. Day, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chang Tan Zou-Ye, a native and citizen of the People's Republic of China, seeks review of a March 20, 2009, order of the BIA affirming the July 25, 2007, decision of Immigration Judge ("IJ") Bridget LaForest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Chang Tan Zou-Ye, No. A098 889 401 (B.I.A. Mar. 20, 2009), aff'g No. A098 889 401 (Immig. Ct. N.Y. City July 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA summarily affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review

are well-established.  See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008); Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007).

The IJ reasonably denied Zou-Ye's applications for asylum and withholding of removal because he failed to establish that he suffered any harm as a result of his arguing with Chinese family planning authorities.  See Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 309-12 (2d Cir. 2007) (en banc).  We likewise uphold the IJ's finding that Zou-Ye's claimed well-founded fear of persecution was too speculative where it was based on Zou-Ye's desire to have a second child in the future.  See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir. 2005).

Finally, we find no error in the IJ's determination that Zou-Ye failed to demonstrate that he would be subject to torture based on his illegal departure from China, or that he would be treated as a political prisoner.  Zou-Ye failed to provide any particularized evidence that he is likely to be subject to torture in a Chinese prison.  See Mu Xiang Lin v. U.S. Dep't of Justice, 432 F.3d 156, 158 (2d Cir. 2005) (requiring an applicant to present particularized evidence of the likelihood that he will be tortured in

3

China).  Therefore the IJ properly denied his application for CAT relief.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk